UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY FISK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-00996-NJR |
| ) | |
| SELMA DEREYAYLA and ) | |
| FAF, INC., ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants/Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| LOGAN T. KEELIN, ) | |
| ) | |
| *Serve at:*  317 Audubon St. ) | |
|         Pickerington, OH 43147 ) | |
| ) | |
| Third-Party Defendant. ) | |

**DEFENDANT/THIRD-PARTY PLAINTIFF FAF, INC.'S
THIRD-PARTY COMPLAINT AGAINST THIRD-PARTY DEFENDANT
LOGAN T. KEELIN**

COMES NOW Defendant/Third-Party Plaintiff FAF, Inc., by and through its attorneys, and for its Third-Party Complaint against Third-Party Defendant Logan T. Keelin states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. Defendant/Third-Party Plaintiff FAF, Inc., has been sued by Plaintiff Gary Fisk as a result of an accident that occurred on or about December 2, 2019, in Madison County, Illinois. Defendant/Third-Party Plaintiff incorporates by reference Plaintiff's Complaint attached as Exhibit A.

2. Defendant/Third-Party Plaintiff FAF, Inc. has filed its separate Answer in response to Plaintiff's Complaint, denying any negligence in the incident that forms the basis of Plaintiff's Complaint, and continues to deny the same. See Answer for Defendant FAF.

3. Defendant/Third-Party Plaintiff FAF, Inc. is a Tennessee corporation with its principal place of business in Greeneville, Tennessee and does business in the State of Illinois.

4. Third-Party Defendant Logan T. Keelin is currently a citizen of the State of Ohio and residing in Pickerington, Ohio located in Fairfield County, Ohio.

5. Plaintiff Gary Fisk is a citizen of the State of Missouri, who at all times relevant was an agent or employee of Central Trucking, Inc. ("CTI") and acting within the scope of his employment and/or agency as a driver for CTI.

6. Selma Dereyayla is a citizen of the State of Texas and was, at all relevant times, an agent of FAF and was operating within the course and scope of said agency with FAF at the time of the accident at issue.

7. Jurisdiction and venue are proper in this Court because of diversity jurisdiction.

8. As alleged in Paragraph 6 of Plaintiff's Complaint, on December 2, 2019, Defendant/Third-Party Plaintiff FAF's driver Selma Dereyayla was operating a tractor-trailer owned by FAF and traveling westbound on Interstate I-70 in Madison County, Illinois.

9. At the same time and place, Third-Party Defendant Keelin was traveling westbound on Interstate I-70 and negligently lost control of his 1998 Chevrolet Blazer causing it to strike the guardrail and come to a rest on the highway, after which time Keelin negligently abandoned the vehicle.

10. Defendant/Third-Party Plaintiff FAF's driver Selma Dereyayla attempted to avoid Keelin's vehicle left abandoned on the highway, but she lost control of the FAF vehicle due to ice weather conditions and struck Keelin's vehicle that had been abandoned on the highway which caused the FAF vehicle to overturn on the roadway.

11. At the same time and place, Plaintiff Gary Fisk was operating a tractor-trailer within the scope of his employment and/or agency as a driver for CTI traveling westbound on Interstate I-70 in Madison County, Illinois on Interstate I-70 when Fisk negligently struck the overturned FAF trailer and traveled through the trailer.

## COUNT I - NEGLIGENCE AGAINST LOGAN T. KEELIN

12. Defendant/Third-Party Plaintiff FAF, Inc., re-alleges, adopts, and incorporates by reference the allegations contained in Paragraphs 1-11 above as if fully set forth herein.

13. At all times relevant, Third-Party Defendant Logan Keelin owed a duty to Defendant/Third-Party Plaintiff FAF, Inc., and all travelers on the roadway to operate the 1998 Chevrolet Blazer in a reasonably safe manner.

14. Third-Party Defendant Logan Keelin negligently operated the 1998 Chevrolet Blazer causing him to lose control of the vehicle and strike the guardrail on the side of the roadway, and he subsequently negligently left the vehicle abandoned and remaining on the roadway. Dereyayla, in her operation of the FAF vehicle, was unable to avoid the collision with the Blazer due to ice weather conditions which resulted in the FAF tractor-trailer overturning on the roadway.

15. Subsequent to the FAF tractor-trailer overturning on the roadway, Plaintiff Gary Fisk negligently struck the FAF trailer.

16. Plaintiff Fisk seeks damages against Defendant/Third-Party Plaintiff FAF in his Complaint for his alleged bodily injuries arising out said collision between the CTI tractor-trailer and the FAF trailer.

17. Third-Party Defendant Keelin breached his duty of care and the damages allegedly sustained by Plaintiff Fisk as set forth in his Complaint are the direct and proximate result of one

or more of the following negligent acts or omissions of Third-Party Defendant Logan Keelin in that he:

    a.    Failed to keep a careful lookout;

    b.    Failed to keep the 1998 Chevrolet Blazer under proper control;

    c.    Failed to keep the 1998 Chevrolet Blazer within the proper lane of travel;

    d.    Operated the 1998 Chevrolet Blazer at an unsafe speed;

    e.    Engaged in improper lane usage;

    f.    Failing to signal or otherwise give intention to change lanes;

    g.    Failed to observe what was readily observable and obvious;

    h.    Failed to take proper measures to avoid the incident;

    i.    Failed to warn other drivers by lights, flashers, or other means that he was stopped or moving significantly below the speed limit;

    j.    Failed to yield the right of way;

    k.    Violated the speed limit in violation of in violation of § 625 ILCS 5/11-601;

    l.    Stopped in the middle and traveled portion of the roadway;

    m.    Failed to maneuver the 1998 Chevrolet Blazer off the travel portion of the roadway before stopping or significantly reducing the speed of the vehicle;

    n.    Stopped in travel lane of highway in violation of § 625 ILCS 5/11-402;

    o.    Traveled too fast for the conditions the then and there existing; and

    p.    Acted in a manner that was otherwise careless, reckless, and negligent in the operation of his vehicle.

18.    As a direct and proximate result of one or more of the foregoing acts/omissions of negligence of Third-Party Defendant, Plaintiff Gary Fisk allegedly sustained injuries and damages and is seeking recovery of those damages from Defendant/Third-Party Plaintiff FAF.

19. Defendant/Third-Party Plaintiff FAF denies any and all liability to Plaintiff. If Plaintiff sustained injuries and/or damages, as alleged in Plaintiff's Complaint, then said damages occurred as a direct and proximate result of negligent or intentional acts or omissions of Third-Party Defendant Keelin and not because of a negligent or intentional act or omission of Defendant/Third-Party Plaintiff FAF.

20. If the trier of fact determines that Defendant/Third-Party Plaintiff is liable to Plaintiff for any damages, liability which Defendant/Third-Party Plaintiff denies, then based on the principles of comparative fault Defendant/Third-Party Plaintiff FAF, Inc. is entitled to contribution, offset, and/or reduction in any verdict or judgment equal to the portion of fault allocated to Third-Party Defendant Keelin.

WHEREFORE, Defendant/Third-Party Plaintiff FAF, Inc. prays for judgment in its favor, plus costs, for a reduction or offset against any amount it is found to be liable to Plaintiff by the percentage attributable to Third-Party Defendant Logan T. Keelin, and for such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Respectfully submitted,

ROBERTS PERRYMAN, P.C.

/s/ Ted L. Perryman
Ted L. Perryman, #2179504
Korissa M. Zickrick, #06226530
Helen P. Paulin, #6191569
1034 S. Brentwood Blvd., Suite 2100
St. Louis, MO 63117
(314) 421-1850; (314) 421-4346 Facsimile
tperryman@robertsperryman.com
kzickrick@robertsperryman.com
hpaulin@robertsperryman.com
**Attorneys for Defendant FAF, Inc.**

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on this 25th day of May 2022, copies of the foregoing were served on the following counsel of record via the Court's ECF filing system:

Lorenzo Hester, II
THE HESTER GROUP, LLC
3920 Lindell, Suite 1093
St. Louis, Missouri 63108
Phone:  (314) 652-4321
Fax:  (314) 652-4322
TheHesterGroup@att.net
**Attorney for Plaintiff**

               /s/ Ted L. Perryman